FOURTH DIVISION

    June 24, 2004

No. 1-03-1996

THE PEOPLE OF THE STATE OF ILLINOIS, )    Appeal from

) the Circuit Court

Plaintiff-Appellee, ) of Cook County.  

)

v. ) No. 79 C 2129

)

ROBERT TAYLOR, )     Honorable

)  Stuart E. Palmer, 

Defendant-Appellant. )  Judge Presiding.

JUSTICE THEIS delivered the opinion of the court:

Defendant Robert Taylor appeals from the dismissal of his petition for relief under section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2002)).  He contends that the trial court committed reversible error by summarily dismissing his petition 
sua sponte
.  For the following reasons, we affirm.

Defendant was convicted of armed robbery and sentenced to an extended term of 60 years' imprisonment on August 31, 1979.  The parties have not provided us with, nor does the record reflect, any other facts concerning his conviction and sentence or whether he pursued an appeal or postconviction relief.  On March 4, 2003, defendant filed a 
pro se 
petition entitled "Petition for Relief from Judgment Pursuant to 735 ILCS 5/2-1401(f)."  In that petition, defendant argued that his extended-term sentence was void and unconstitutional under 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  On April 25, 2003, the trial court summarily denied this petition, a 
sua sponte
 dismissal, without prior notice to defendant, finding that 
Apprendi
 did not apply retroactively.  On May 12, 2003, the clerk of the circuit court of Cook County sent defendant a letter advising him that Judge Palmer denied his section 2-1401 petition.  Defendant then filed this timely appeal.   

Section 2-1401 of the Code provides a comprehensive statutory procedure by which final orders, judgments, and decrees may be challenged more than 30 days after their entry.  
People v. Pinkonsly
, 207 Ill. 2d 555, 562, 802 N.E.2d 236, 241 (2003).  While section 2-1401 usually provides a civil remedy, its remedial powers also extend to criminal cases.  
People v. Harvey
, 196 Ill. 2d 444, 447, 753 N.E.2d 293, 295 (2001).  A section 2-1401 petition requires the court to determine whether facts exist that were unknown to the court at the time of trial and would have prevented entry of the judgment.  
Pinkonsly
, 207 Ill. 2d at 566, 802 N.E.2d at 243.  A defendant may challenge his sentence as void in a section 2-1401 petition.  
People v. Thompson
, 209 Ill. 2d 19, 29, 805 N.E.2d 1200, 1206 (2004); 
Harvey
, 196 Ill. 2d at 447, 753 N.E.2d at 295.  Our supreme court has recently stated that we review the trial court's dismissal of the defendant's section 2-1401 petition for an abuse of discretion.  
Pinkonsly
, 207 Ill. 2d at 562, 802 N.E.2d at 241. 

We recognize a dispute among the districts of this court concerning whether a trial court may summarily dismiss a defendant's section 2-1401 petition 
sua sponte
.  The Second District holds that a trial court commits reversible error by dismissing a section 2-1401 petition without giving defendant notice and an opportunity to respond to the trial court's action and this court cannot look beyond this error to assess the merits of the petition.  
People v. Mescall
, No. 2-03-0185 (2d
 Dist. April 15, 2004); 
People v. Pearson
, 345 Ill. App. 3d 191, 193-99, 802 N.E.2d 386, 388-93 (2d
 Dist. 2003), 
appeal allowed
, 208 Ill. 2d 535 (2004); 
People v. Gaines
, 335 Ill. App. 3d 292, 295-97, 780 N.E.2d 822, 824-25 (2d
 Dist. 2002).  See also 
People v. Winfrey
, ___ Ill. App. 3d ___, ___, 808 N.E.2d 589, 590-93 (2d Dist. 2004) (relying on 
Gaines
 and 
Pearson
 and holding that a trial court cannot summarily dismiss a 
habeas corpus
 petition); 
People v. Shellstrom
, 345 Ill. App. 3d 175, 176-79, 802 N.E.2d 381, 383-86 (2nd 
Dist. 2003), 
appeal allowed
, 208 Ill. 2d 538 (2004) (relying on 
Gaines
 and holding that a trial court is not authorized to summarily dismiss a 
mandamus
 complaint).  However, the Fourth District 
reached the opposite conclusion and holds that a trial court has the inherent authority to strike a section 2-1401 petition 
sua sponte
 if the court finds the petition is frivolous and without merit.  
People v. Bramlett
, 347 Ill. App. 3d 468, 472-73, 806 N.E.2d 1251, 1254-55 (4th Dist. 2004).  See also 
Owens v. Snyder
, No. 1-02-3765 (1st
 Dist. June 1, 2004) (agreeing with the holding in 
Mason
 and 
Bramlett
 that a trial court has the authority to 
sua sponte
 dismiss a 
mandamus
 complaint and finding no prejudice to defendant where his complaint was frivolous); 
Mason v. Snyder
, 332 Ill. App. 3d 834, 839- 43, 774 N.E.2d 457, 461-64 (4th
 Dist. 2002) 
(holding that a trial court may evaluate 
mandamus
 petitions to determine their sufficiency and has inherent authority to strike those petitions 
sua sponte
). 

However, we need not decide whether a trial court may summarily dismiss a section 2-1401 petition in every case.  We merely hold that in this case, based on the specific allegations of this defendant's section 2-1401 petition, the trial court properly dismissed the petition
. 

In 
Pearson
, the State argued that even if the trial court erred in dismissing the petition summarily, the appellate court could nevertheless affirm the trial court's summary dismissal on the grounds that the petition was meritless and thus, the dismissal did not prejudice the defendant.  The 
Pearson
 court disagreed and concluded that "the proceedings by which defendant's petition was dismissed were too far removed from those to which he was entitled for us to hold that he suffered no prejudice."  
Pearson
, 345 Ill. App. 3d at 195, 802 N.E.2d at 389.  Although that court determined that the defendant's section 2-1401 petition was meritless, the court reversed and remanded the case "for proper proceedings."  
Pearson
, 345 Ill. App. 3d at 199, 802 N.E.2d at 393.  

We disagree with this holding in 
Pearson
 and decline to follow it here.  We may look beyond any alleged procedural defect where, as in this case, defendant's petition raised a pure question of law, was frivolous and completely without merit and no prejudice resulted from the trial court's dismissal.  Defendant's petition presented a purely legal issue to the trial court: whether his extended-term sentence was void
, or whether 
Apprendi
 applied to his 60-year extended-term sentence which was imposed in 1979.  This is a pure question of law, not of fact.  In 
People v. De La Paz
, 204 Ill. 2d 426, 791 N.E.2d 489 (2003), our supreme court held that 
Apprendi
 does not apply retroactively to cases on collateral review.  
De La Paz
, 204 Ill. 2d at 439, 791 N.E.2d at 497.  Thus, defendant's claim was frivolous and without merit.  

Additionally, we find no prejudice to defendant resulted from the trial court's order summarily dismissing his petition.  In fact, on appeal, defendant makes no argument as to how the court's 
sua sponte
 dismissal prejudiced him.  We need not decide whether a situation could exist where a defendant would be prejudiced from a trial court's summary dismissal of his section 2-1401 petition because this is not such a case.  Here, defendant has not alleged, nor could he ever allege, any facts in his petition that would circumvent 
De La Paz
 and make his extended-term sentence subject to 
Apprendi
.  Thus, even if defendant had been given notice and an opportunity to be heard before the court dismissed his petition, he could not have cured its inherent defects.  Dismissal of defendant's petition was inevitable.  
Owens
, No. 1-02-3765, slip op. at 17.  While defendant asks this court to reverse and remand for further proceedings, such action would have little remedial effect and would only delay dismissal.  
Owens
, No. 1-02-3765, slip op. at 17.   "We do not believe the legislature intended to require judges and clerks to jump through useless hoops aimed toward impossible goals."  
Owens
, No. 1-02-3765, slip op. at 18.  Because defendant's claim could never succeed on its merits, defendant was not prejudiced by the court's summary dismissal of his section 2-1401 petition.  

Accordingly, we find that the trial court did not abuse its discretion when it dismissed defendant's section 2-1401 petition 
sua sponte
.  We affirm the judgment of the circuit court of Cook County.

Affirmed.

QUINN, P.J. and GREIMAN, J., concur.