THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDRE CARROLL, Defendant-Appellant.

First District (6th Division)   No. 1—03—0456

Opinion filed August 27, 2004.

Michael J. Pelletier and Elizabeth A. Botti, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Jon Walters, and Dennis Dwyer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

Defendant, Andre Carroll, appeals the trial court's summary denial of his *habeas corpus* petition. He contends that the court improperly treated his petition as a postconviction petition. For the following reasons, we affirm.

In September 1989, defendant was convicted of armed robbery and sentenced to an extended term of 60 years' imprisonment and 3 years' mandatory supervision. This conviction and sentence were affirmed on direct appeal. See *People v. Carroll*, 257 Ill. App. 3d 663, 628 N.E.2d 1036 (1993). Thereafter, defendant filed a federal *habeas corpus* petition, which was dismissed on November 13, 1997. Defendant's appeal to the Seventh Circuit was denied in December 1988. On October 9, 2002, defendant filed a *pro se* petition for *habeas corpus* relief in the circuit court of Cook County pursuant to section 10—101 *et seq.* of the

Habeas Corpus Act (735 ILCS 5/10—101 *et seq.* (West 2002)). In that petition, defendant argued that his extended-term sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), because the factors used to extend his sentence were not alleged in the indictment or proven beyond a reasonable doubt. On December 6, 2002, the trial court entered an order holding that the petitioner's claim was of a nonjurisdictional nature; thus, a *habeas corpus* petition was not the proper avenue for relief. The trial court did find that the defendant's claim was cognizable under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2002)) and addressed the petition as such. See *People ex rel. Palmer v. Twomey*, 53 Ill. 2d 479, 292 N.E.2d 379 (1973). The trial court then summarily denied the petition, finding that *Apprendi* was not applicable. Defendant filed this timely appeal.

Defendant contends that the trial court erred in summarily denying his pleading as if it were a postconviction petition. Defendant argues that the *habeas corpus* statute does not provide for the summary dismissal of a petition. Defendant further contends that he was prejudiced by the court treating his petition as a postconviction petition, as the trial court put him at risk of waiving his opportunity to file a postconviction petition.

We recognize a dispute among the districts of this court concerning whether a trial court may summarily dismiss a defendant's *habeas corpus* petition. The Second District has addressed the issue involving a *habeas corpus* petition as well as petitions for relief from judgment filed pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2002)) and *mandamus* actions. The Second District holds that a trial court commits reversible error by dismissing a *habeas corpus* petition without giving defendant notice and an opportunity to respond to the trial court's action and this court cannot look beyond this error to assess the merits of the petition. *People v. Winfrey*, 347 Ill. App. 3d 987, 808 N.E.2d 589, 590-93 (2d Dist. 2004); see also *People v. Pearson*, 345 Ill. App. 3d 191, 193-99, 802 N.E.2d 386, 388-93 (2d Dist. 2003), *appeal allowed*, 208 Ill. 2d 549, 809 N.E.2d 1290 (2004); *People v. Gaines*, 335 Ill. App. 3d 292, 295-97, 780 N.E.2d 822, 824-25 (2d Dist. 2002) (holding that a trial court cannot summarily dismiss a section 2—1401 petition); see also *People v. Shellstrom*, 345 Ill. App. 3d 175, 176-79, 802 N.E.2d 381, 383-86 (2d Dist. 2003), *appeal allowed*, 208 Ill. 2d 552, 809 N.E.2d 1291 (2004) (relying on *Gaines* and holding that a trial court is not authorized to summarily dismiss a *mandamus* complaint).

However, the Fourth District reached the opposite conclusion and holds that a trial court has the inherent authority to strike a section

2—1401 petition *sua sponte* if the court finds the petition is frivolous and without merit. *People v. Bramlett*, 347 Ill. App. 3d 468, 472-73, 806 N.E.2d 1251, 1254-55 (4th Dist. 2004). See also *Mason v. Snyder*, 332 Ill. App. 3d 834, 839-43, 774 N.E.2d 457, 461-64 (4th Dist. 2002) (holding that a trial court may evaluate *mandamus* petitions to determine their sufficiency and has inherent authority to strike those petitions *sua sponte*).

This district has not addressed the issue in the context of a *habeas corpus* petition; however, we have been in agreement with the Fourth District in related contexts. See *Owens v. Snyder*, 349 Ill. App. 3d 35, 811 N.E.2d 738 (1st Dist. 2004) (agreeing with the holding in *Mason* and *Bramlett* that a trial court has the authority to *sua sponte* dismiss a *mandamus* complaint and finding no prejudice to defendant where his complaint was frivolous); *People v. Taylor*, 349 Ill. App. 3d 718, 812 N.E.2d 581 (1st Dist. 2004) (disagreeing with *Pearson* and holding that the trial court did not abuse its discretion by dismissing a section 2—1401 petition *sua sponte* where the issue presented was a pure question of law, the claim was frivolous and without merit and no prejudice to the defendant resulted).

In *Taylor*, the defendant filed a *pro se* petition for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2002)). In the petition, the defendant argued that his extended-term sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The trial court summarily denied this petition without prior notice to the defendant, finding that *Apprendi* did not apply retroactively. On appeal, this court held that the trial court did not abuse its discretion when it summarily dismissed the defendant's petition *sua sponte*. *Taylor*, 349 Ill. App. 3d at 720, 812 N.E.2d at 583. The court explained that it could look beyond any alleged procedural defect where the defendant's petition raised a pure question of law, was frivolous and completely without merit and no prejudice resulted from the trial court's dismissal. The court found that defendant's petition presented a purely legal issue to the trial court: whether his extended-term sentence was void, or whether *Apprendi* applied to his 60-year extended-term sentence, which was imposed in 1979. The court stated that pursuant to *People v. De La Paz*, 204 Ill. 2d 426, 791 N.E.2d 489 (2003), *Apprendi* does not apply retroactively to cases on collateral review. Thus, the court held defendant's claim was frivolous and without merit. The *Taylor* court further explained that no prejudice to defendant resulted from the trial court's order summarily dismissing the petition because nothing could cure the inherent defect of his petition. *Taylor*, 349 Ill. App. 3d at 720-21, 812 N.E.2d at 584.

In *Winfrey*, the State argued that the trial court may evaluate the sufficiency of a *habeas corpus* petition and dismiss that petition *sua sponte*. The *Winfrey* court, however, rejected this argument and applied the reasoning in *Gaines* and *Shellstrom*. The court explained that the *habeas corpus* statute does not authorize the trial court to summarily deny a *habeas corpus* petition. The court further reasoned that even if the petition failed to state a cognizable claim, the court erred because the defendant was given neither notice nor an opportunity to be heard on the issues upon which the trial court based its dismissal. *Winfrey*, 347 Ill. App. 3d at 989.

We disagree with this holding in *Winfrey* and decline to follow it here. Rather, we adhere to the reasoning in *Taylor* and hold that in this case, based on the specific allegations of this defendant's *habeas corpus* petition, the trial court properly dismissed the petition.

We first find that the trial court did not err in treating the petition under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2002)). If the trial court determines that a *pro se* petition, however labeled, and however inartfully drawn, alleges violations of the petitioner's rights cognizable in a postconviction proceeding, the court may treat the petition under the Post-Conviction Hearing Act. *People ex rel. Palmer v. Twomey*, 53 Ill. 2d 479, 292 N.E.2d 379 (1973). Here, the defendant filed a *habeas corpus* petition claiming that his extended-term sentence was unconstitutional under *Apprendi*. The trial court properly found that this claim was not jurisdictional in nature and that a petition for *habeas corpus* was not the appropriate avenue for relief. Pursuant to *Twomey*, since the defendant's claim was cognizable under the Post-Conviction Hearing Act, the court may address it as such.

Next, we find the trial court properly dismissed the petition without an evidentiary hearing. We note that defendant does not raise any legal argument or cite legal authority to support the substantive merit of his claim. This is most assuredly because there is none. Defendant argues that his extended-term sentence violates *Apprendi*. Defendant's claim is without merit because *Apprendi* does not apply retroactively to this case. See *People v. De La Paz*, 204 Ill. 2d at 428-29. Additionally, the defendant was sentenced to an extended term based on a prior conviction for armed robbery. The prior conviction is an enhancing factor that does not have to be proven beyond a reasonable doubt by the trier of fact. *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

Finally, we find no prejudice to defendant resulted from the trial court's order treating the petition under the Post-Conviction Hearing Act. The defendant argues that he may have unwillingly waived his

right to file a postconviction petition. We disagree. We acknowledge that the Act contemplates the filing of only one such petition and that any claims not raised in that petition are waived. However, the Illinois Supreme Court has allowed successive postconviction petitions "where fundamental fairness so requires." *People v. Flores*, 153 Ill. 2d 264, 274, 606 N.E.2d 1078 (1992). Thus, defendant may file a successive postconviction petition where he can establish good cause for failing to raise the claimed error in prior proceedings and actual prejudice resulting from the error. See *People v. Orange*, 195 Ill. 2d 437, 449, 749 N.E.2d 932 (2001); *Flores*, 153 Ill. 2d at 278-79. We find defendant's claim of potential prejudice to be insufficient.

For the reasons stated, we find that the trial court did not err in treating the defendant's *habeas corpus* petition as a postconviction petition. We further find that the court properly dismissed the petition without a hearing. We affirm the judgment of the circuit court.

Affirmed.

O'MARA FROSSARD, P.J., and FITZGERALD SMITH, J., concur.