FIRST DIVISION

May 31, 2005

No. 1-03-2096

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. ) No. 86 CR 16841    )

D'ARTHAGAN SARGENT, ) Honorable

) James B. Linn, 

 Defendant-Appellant. ) Judge Presiding.

 JUSTICE GORDON delivered the opinion of the court
:

Petitioner, D'Arthagan Sargent, appeals the summary dismissal of his postconviction petition at the second stage of review.  He contends that the employment of the summary dismissal procedure, only authorized during the first stage of review by the Post-Conviction Hearing Act (725 ILCS 5/122.2.1(a) (West 2002)), at what was only designated a status hearing, violated his due process rights.  He further argues that remand is required because his postconviction attorney failed to certify that he consulted with petitioner, reviewed the record, and modified the petition as necessary so as to adequately present petitioner's contentions, as required by Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)).  The State concedes that the procedure employed by the circuit court was improper and that there is no showing of compliance with Rule 651(c) by postconviction counsel.  However, the State contends that any error was harmless as petitioner could under no circumstances have prevailed on the substance of his petition.  We affirm.

I.  FACTUAL BACKGROUND

Petitioner was sentenced to a term of 80 years in prison on August 26, 1987, after being convicted by a jury of first degree murder.  Petitioner's direct appeal was denied in 
People v. Sargent
, 207 Ill. App. 3d 631 (1990).  On January 30, 2001, petitioner filed his instant postconviction petition, alleging that his sentence was based on a finding that the murder was accompanied by exceptionally brutal and heinous conduct, a statutory enhancement that was never charged in his indictment or submitted to the jury for proof beyond a reasonable doubt.  Petitioner therefore contended that his sentence violated the Supreme Court's holding in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  

The circuit court allowed the petition to proceed to the second stage of review and appointed the public defender to represent petitioner in postconviction proceedings.  After a series of continuances, postconviction counsel and the State appeared before the circuit court on June 12, 2003, for a status hearing.  Postconviction counsel informed the court that the petition was based on 
Apprendi
, and that one of her colleagues at the public defender's office would file a supplemental petition by the next court date.  The court, however, in spite of no motion to dismiss by the State, indicated that it was ready to dispose of the case at that time.  Noting the Illinois Supreme Court's decision in 
People v. De La Paz
, 204 Ill. 2d 426, 791 N.E.2d 489 (2003), which barred retroactive application of 
Apprendi
 to cases where direct appeals had been exhausted as of the date of the 
Apprendi
 decision, the court dismissed the petition.  The court denied petitioner's motion to reconsider on the same grounds.  

Leading up to the dismissal, there had been no indication from postconviction counsel of any meeting with petitioner, nor of any review of his trial record.  Postconviction counsel likewise never filed any certificate to verify compliance with Rule 651(c).  Rule 651(c) provides:

"c) Record for Indigents; Appointment of Counsel.
 Upon the timely filing of a notice of appeal in a post-conviction proceeding, if the trial court determines that the petitioner is indigent, it shall order that a transcript of the record of the post-conviction proceedings, including a transcript of the evidence, if any, be prepared and filed with the clerk of the court to which the appeal is 
taken and shall appoint counsel on appeal, both without cost to the petitioner. The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed 
pro se
 that are necessary for an adequate presentation of petitioner's contentions.
"  134 Ill.2d R. 651(c).

Petitioner appeals.

II.  ANALYSIS

To begin, the State is entirely correct that the petition has no substantive merit.  Our supreme court has conclusively determined that 
Apprendi
 cannot form the basis of a collateral attack when a petitioner exhausted his direct appeals prior to the 
Apprendi
 decision.  
De La Paz
, 204 Ill. 2d 426, 791 N.E.2d 489.  Consequently, as under no circumstances, under 
De La Paz
, could the ruling of the circuit court ultimately have been different, in our view, any procedural error would have been harmless.  See 
People v. Taylor
, 
349 Ill. App. 3d 718, 720, 812 N.E.2d 581, 583
 (2004)
 (
"[w]e may look beyond any alleged procedural defect where, as in this case, defendant's petition raised a pure question of law, was frivolous and completely without merit, and no prejudice resulted from the trial court's dismissal").

Petitioner contends nevertheless that, because of the unforewarned transformation of the status hearing into a dispositive proceeding, we are compelled to reverse
 pursuant to 
People v. Kitchen
, 189 Ill. 2d 424, 727 N.E.2d 189 (1999), and 
People v. Bounds
, 182 Ill. 2d 1, 694 N.E.2d 560 (1998).  We, however, disagree.

In both 
Kitchen
 and 
Bounds
, our supreme court reversed the dismissal of postconviction petitions when the circuit court dismissed those petitions at hearings that had been designated only for consideration of discovery issues, not for any review of the merits.  
Kitchen
, 189 Ill. 2d at 434-35, 727 N.E.2d 
at 194-95; 
Bounds
, 182 Ill. 2d at 5, 694 N.E.2d 
at 562.  
In both cases the supreme court noted that the surprise shift in the proceedings was in violation of constitutional due process.  
Kitchen
, 189 Ill. 2d at 434-35, 727 N.E.2d 
at 194-95; 
Bounds
, 182 Ill. 2d at 5, 694 N.E.2d 
at 562.  
In concluding its analysis, the 
Kitchen
 the court stated: "[W]e *** mean to send a clear message to both bench and bar that the protection of a defendant's right to procedural due process in post-conviction proceedings is of critical importance.  We trust that such violations will not soon be repeated in our courtrooms."  
Kitchen
, 189 Ill. 2d at 435, 727 N.E.2d 
at 194-95
.  Thus, under a superficial reading of 
Kitchen
 and 
Bounds
, petitioner's contentions might appear to have merit.  However, a more thorough review of those cases reveals their inapplicability to the present case.

The opinions in 
Bounds
 and 
Kitchen
 give no indication that any claims of harmless error were ever raised by the State.  Nor does it appear that a harmless error contention could have prevailed under the specific facts postured in those cases.  At the time of the dismissal of their postconviction petitions, in both 
Kitchen
 and 
Bounds
, the petitioners were still in the process of seeking discovery of police records to support their respective claims of constitutional deprivation.  
Kitchen
, 189 Ill. 2d at 428-31, 727 N.E.2d 
at 
191-92; 
Bounds
, 182 Ill. 2d at 3-5, 694 N.E.2d 
at 
561.
  
In 
Kitchen
, the constitutional claim was ineffective assistance of counsel.  The constitutional violation alleged in 
Bounds
 is unarticulated.
  
There is no indication that given sufficient opportunity through discovery the petitioners 
in 
Kitchen
 and 
Bounds
 would not have found data which could well have supported the grounds urged in their petitions.  This may well explain why in 
Kitchen
 and 
Bounds
 the State did not appear to advance a harmless error claim for the court to consider.  However, we detect no similar possibility of prejudice here where the question presented was purely a question of law and, as indicated previously, a previously settled question under 
De La Paz
.  Thus although counsel in this case may have been similarly surprised by the judge's sudden decision to address the merits of the petition, petitioner could have suffered no prejudice because there was nothing to be done to support his barred 
Apprendi
 claim.

Petitioner still contends, however, that demonstrated compliance with Rule 651(c) is an inflexible procedural requirement and, therefore, "whether the claims contained in the petition itself sufficiently allege constitutional violations is irrelevant, as the failure to comply with Rule 651(c) is reversible error, even where the petition itself fails to present a substantial constitutional question."  We again disagree.  We conclude that harmless error may, in limited circumstances, apply to Rule 651(c) violations and find that to be the only kind of error that occurred here.

As a general matter, courts have held that "[i]t is the
 
duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless."  
People v. Benson
, 266 Ill. App. 3d 994, 1003, 
641 N.E.2d 617, 624
 (1994); accord 
People v. Reese
, 121 Ill. App. 3d 977, 986-87, 
460 N.E.2d 446, 452-53
 
(1984).  Moreover, courts may not ignore harmless error considerations merely as a means to chastise improper or poor performance in the trial court.  See 
Reese
, 121 Ill. App. 3d at 987, 
460 N.E.2d at 452-53
, quoting 
United States v. Hasting
, 461 U.S. 499, 507, 76 L.Ed.2d 96, 105, 103 S.Ct. 1974, 1979 (1983) ("the interests preserved by the doctrine of harmless error cannot be so lightly and casually ignored in order to chastise *** prosecutorial overreaching").  Harmless error analysis is applied to most constitutional violations (
Benson
, 266 Ill. App. 3d at 1003, 
641 N.E.2d 
at 624), including 
Apprendi
 violations (
People v. Thurow
, 203 Ill. 2d 352, 368-71, 
786 N.E.2d 1019, 1028-29
 
(2003))
, and even to "reprehensible trial conduct" (
People v. Carbona
, 27 Ill. App. 3d 988, 1011, 
327 N.E.2d 546, 566
 (1975)).  Considering that a postconviction petitioner does not even have a constitutional right to counsel (
People v. Rials
, 345 Ill. App. 3d 636, 641, 802 N.E.2d 1240, 1244 (2003)), and that the level of representation a petitioner is statutorily entitled to in postconviction proceedings is less than what he would be entitled to at trial (
Rials
, 345 Ill. App. 3d at 641, 802 N.E.2d 
at 1244
), 
a
 
fortiori
 it would be proper to conduct a harmless error analysis in cases involving alleged violations of Rule 651(c).

In a petition for rehearing filed by the defendant after our initial opinion affirming the circuit court was issued, defendant contends that our holding is inconsistent with the decision of our supreme court in 
People v. Turner
, 187 Ill. 2d 406, 719 N.E.2d 725 (1999)
.  Defendant points to language in 
Turner
 wherein the court said "[T]his court will not speculate whether the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c)."  
See 
Turner
, 187 Ill. 2d at 416, 719 N.E.2d at 730. 
 Defendant argues that this statement compels the conclusion that harmless error may not apply to Rule 651(c) violations.  We disagree as we find this case to be distinctly different from the particular situation in 
Turner
.  

In 
Turner
 the petitioner's 
pro se
 postconviction petition raised due process claims contending that the State withheld evidence that would have impeached its witnesses, an ineffective assistance of counsel claim for his attorney's failure to discover the withheld evidence and to use it in impeaching the State's witnesses, and a claim that the Illinois death penalty statute was unconstitutional.  
Turner
, 187 Ill. 2d at 409, 719 N.E.2d at 727
.  Appointed postconviction counsel made no amendments to the 
pro se 
petition, and the circuit court granted the State's motion to dismiss, holding all of the claims to be barred by 
res judicata
 or waiver, in so far as they could have been raised in his direct appeal. 
 
Turner
, 187 Ill. 2d at 409, 719 N.E.2d at 727
.  On appeal from the dismissal of his petition, the petitioner contended that postconviction counsel violated Rule 651(c) by not consulting with him a sufficient number of times (
Turner
, 187 Ill. 2d at 410-11, 719 N.E.2d at 72
8
); by failing to adequately review the trial record, as there were five court dates for which there were no transcripts included in the appellate record (
Turner
, 187 Ill. 2d at 411, 719 N.E.2d at 72
8
); and by failing to make necessary amendments to the 
pro se
 petition (
Turner
, 187 Ill. 2d at 412, 719 N.E.2d at 72
9
).

The 
Turner
 court rejected the petitioner's first two arguments, but accepted that postconviction counsel provided an unreasonable level of representation by failing to amend the petition.  The 
Turner
 court observed that by failing to re-frame the petitioner's due process claims as ineffective assistance of appellate counsel claims, for his failure to raise them on direct appeal, that postconviction counsel failed to avoid the bar of waiver.  
Turner
, 187 Ill. 2d at 413, 719 N.E.2d at 729.  The court also noted that postconviction counsel failed to amend the ineffective assistance claim in the 
pro se
 petition to include allegations that the evidence withheld was material and resulted in prejudice to the defendant, "essential elements of petitioner's legal claims." 
 
Turner
, 187 Ill. 2d at 413, 719 N.E.2d at 729.  Finally, the court also observed that postconviction counsel had neither included affidavits supporting the petition
, or explained their absence.  
Turner
, 187 Ill. 2d at 414, 719 N.E.2d at 730.

Thus, in 
Turner
, the impact on the outcome of the petition 
from counsel's failure to comply with the rule was evident.  
The 
Turner
 court found that postconviction counsel's failure to attach affidavits to the petition was "fatal" to the petitioner's claims (
Turner
, 187 Ill. 2d at 414, 719 N.E.2d at 730), and observed that the prejudice from failing "to make a routine amendment" to the petition to avoid waiver was "palpable" since "[C]ounsel's failure *** precluded consideration of petitioner's claims on the merits and directly contributed to the dismissal of the petition without an evidentiary hearing" (
Turner
, 187 Ill. 2d at 414-15, 719 N.E.2d at 730).  It was in this context of egregious, independently prejudicial procedural errors, that the 
Turner
 court refused to "speculate" on the ultimate fate of the petition (
Turner
, 187 Ill. 2d at 416, 719 N.E.2d at 730
), and expressly declined to "express [an] opinion on the [substantive] merit of the claims," (
Turner
, 187 Ill. 2d at 417, 719 N.E.2d at 731), most of which, we note, did not present pure questions of law
. 

In this case, however, there is certainty, not speculation, that there could have been no impact from any non-compliance with Rule 651(c) by postconviction counsel.  The rule is categorical: 
Apprendi
 issues cannot be raised retroactively as established in 
De la Paz
 and recently reiterated in 
Lucien v. Briley
, 213 Ill. 2d 340, 821 N.E.2d 1148 (2004)
.  

Moreover, there is reason to think that the 
Turner
 court itself recognized the distinction between cases with potential merit and those where "[
T]here was nothing [a defendant] could do to make it any better.  He simply was off the track and could not get back on" (
Owens v. Snyder
, 349 Ill. App. 3d 35, 45, 811 N.E.2d 738, 747 (2004)
 (affirming the procedurally irregular dismissal of a mandamus petition on account of the total lack of merit in the underlying claim making its dismissal inevitable).  For example, in regard to the petitioner's claim that postconviction counsel failed to adequately review the trial record, the 
Turner
 
court declined to find a Rule 651(c) violation
 when the petitioner could not identify what information useful to his claims was contained in the hearing transcripts that postconviction counsel allegedly never saw.  
Turner
, 187 Ill. 2d at 411, 719 N.E.2d at 728.  The 
Turner
 court stated "[t]o require counsel to examine portions of the record which have no relevance to petitioner's claims would be an exercise in futility."   
Turner
, 187 Ill. 2d at 412, 719 N.E.2d at 729; c.f. 
People v. Dodd
, 58 Ill. 2d 53, 56, 317 N.E.2d 28, 30 (1974)
; 
People v. Henderson
, 215 Ill. App. 3d 24, 26, 574 N.E.2d 268, 270 (1991); see
 
People v. Leach
, 284 Ill. App. 3d 4, 6-7 672 N.E.2d 835, 836-37 (1996) (refusing to remand a petition alleging unconstitutional sentencing for noncompliance with Rule 651(c) when the petitioner, since he pled guilty, could only challenge his sentence after moving the trial court to withdraw his plea and vacate his judgment, but had not done so).

Thus, the violation of Rule 651(c) is not enough to warrant reversal when, in the particular context in which the error occurred, as in this case, it clearly could not have had a prejudicial impact on the petitioner.  Here, no amount of scouring the record, nor multiple meetings with petitioner, nor any amendment of the petition, could have saved the 
Apprendi
 claim from ultimate dismissal.
(footnote: 1)   We find the present situation to be akin to that faced by the court in 
Owens v. Snyder
, which stated:  
"If the trial court had followed the *** [statutory procedure,] plaintiff would be in the same position he now is in. Dismissal of his complaint was inevitable. Plaintiff requests this court to reverse and remand 
for further proceedings. Such action would have little remedial effect, only delaying dismissal
."
  
Owens
, 
349 Ill. App. 3d at 45, 811 N.E.2d at 
746
. 

Petitioner, nevertheless argues that 
People v. Alexander
, 197 Ill. App. 3d 571, 554 N.E.2d 1078 (1990), which applied a harmless error analysis as to the mere procedural failure to file a certificate of compliance, requires reversal regardless of prejudicial impact when, as here, there is no demonstration of counsel's substantive compliance, namely, that he reviewed the trial record and consulted with the petitioner.  We disagree.  In 
Alexander
, as well as 
People v. Brown
, 52 Ill. 2d 227, 287 N.E.2d 663 (1972), and 
People v. Jones
, 43 Ill. 2d 160, 251 N.E.2d 218 (1969), on which 
Alexander
 relied, there is clear indication that had counsel in those cases been in substantive compliance, it may well have effected the subsequent outcome.  For example, in 
Alexander
, the court was concerned by the failure of the record to reflect counsel's review of the record when he failed to counter the State's arguments based on the trial evidence and trial proceedings.  
Alexander
, 197 Ill. App. 3d at 573, 554 N.E.2d at 1079.  And, in 
Brown
, the court suggested that postconviction counsel might have discovered that some of the fourth amendment claims alleged by the petitioner were not barred by 
res judicata
 or waiver, as alleged by the State, had he reviewed the trial record.  
Brown
, 52 Ill. 2d at 230, 287 N.E.2d at 665.  By contrast, in this case, as we explained above, there was no conceivable act counsel could have taken in this case to avoid the legal bar to petitioner's 
Apprendi
 claim presented by 
De La Paz
. 

Defendant on petition for rehearing also points to 
People v. Greer
 as supporting that a lack of compliance with Rule 651(c) is not subject to harmless error analysis.  In our analysis, however, 
Greer
 offers no such support.  Defendant attempts to focus us on language that an attorney would be allowed to withdraw after complying with the Rule.  
Greer
, 212 Ill. 2d at 212, 817 N.E.2d at 523 ("it nonetheless appears that counsel fulfilled his duties as prescribed by Rule 651(c), and the record before us supports counsel's assessment that the defendant's postconviction claims were frivolous and without merit.  Consequently, though the procedure in the circuit court leaves something to be desired, defense counsel should be allowed to withdraw").  He would have us construe that statement as meaning that even if counsel is ultimately justified in withdrawing he must nevertheless conform with his obligations under Rule 651(c).  We do not disagree with that contention.  However, 
Greer
 does not purport to hold that the failure to perform under the rule, while error, would be grounds for reversal and remand notwithstanding the ultimate futility of that effort.  Thus, there is nothing in 
Greer
 which would preclude noncompliance with the rule from being subject to harmless error analysis.  We therefore find that 
"[w]e may look beyond any alleged procedural defect where, as in this case, defendant's petition raised a pure question of law, was frivolous and completely without merit, and no prejudice resulted from the trial court's dismissal" (
People v. Taylor
, 
349 Ill. App. 3d 718, 720, 812 N.E.2d 581, 583
 (2004)) and, thus, 
will not reverse and remand this case based on postconviction counsel's alleged violation of Rule 651(c).

Finally, regarding petitioner's contention that the circuit court committed reversible error by summarily dismissing his petition at the second stage of review when the Act only provides for summary dismissal at the first stage, we again only find harmless error.  This court recently addressed a similar issue in 
People v. Anderson
, 
352 Ill. App. 3d 934, 817 N.E.2d 1000
 (2004)
.  There we recognized that summary dismissal of an 
Apprendi
 claim, even if procedurally erroneous remains subject to harmless error analysis and that, where the 
Apprendi
 challenge was barred by 
De La Paz
, summary dismissal, even if regarded as procedurally erroneous, was harmless.  See 
Anderson
, 
352 Ill. App. 3d at 946-48
, 817 N.E.2d at
 1010-11
; accord 
Taylor
, 
349 Ill. App. 3d at 720, 812 N.E.2d at 583.  
Therefore, as there is no hope for petitioner's claim, as previously explained, we find only harmless error in the summary dismissal of his petition at the second stage.

Affirmed.

CAHILL and McBRIDE, J.J., concur.

 

FOOTNOTES
1:  We note that we only need to consider the alleged Rule 651(c) violation in the context of the presentation of petitioner's 
Apprendi
 claim as the Act provides counsel only to "shape [a petitioner's original claims] into appropriate legal form, and [to] present them to the court," not "for purposes of exploration, investigation and formulation of potential claims."   
People v. Davis
, 156 Ill. 2d 149, 162-63, 619 N.E.2d 750, 757-58 (1993).