SECOND DIVISION
March 6, 2007

Nos. 1-03-0507 and 1-03-2541
    (Consolidated)


| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Cook County. |
| | ) | |
| | ) | |
| DION ADDISON a/k/a ERIC MARSHALL, | ) | Honorable |
| | ) | Marjorie C. Laws, |
|     Defendant-Appellant. | ) | Judge Presiding. |


JUSTICE SOUTH delivered the opinion of the court:

This appeal arises from the summary dismissal of defendant's petition, section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (2002)), for relief from judgment and his *pro se* postconviction petition.[1]  Following a bench trial, defendant was convicted of home invasion and armed robbery and sentenced to a 12-year prison term.  Defendant appealed; however, his appellate counsel filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).  Defendant responded to his appellate counsel's motion, contending he was denied his right to the effective assistance of counsel.  This court concluded that none of defendant's allegations of ineffective assistance of counsel rose to the standards set forth in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)) and found no issues of arguable merit.  Defendant's appellate counsel was given

---

[1] Defendant's appeals were consolidated in the instant case.

1-03-0507
1-03-2541 (Cons.)

leave to withdraw, and his convictions and sentence were affirmed. People v. Addison, No. 1-00-0938 (June 7, 2001) (unpublished order under Supreme Court Rule 23).

According to the trial court's written order denying his postconviction petition, on March 11, 2002, defendant filed a petition pursuant to section 2-1401 (735 ILCS 5/2-1401 (West 2002)).[2] In that petition, he argued his conviction was unconstitutional and void because he was not convicted beyond a reasonable doubt; was denied his right to a fundamentally fair trial; and the State used tainted and perjured evidence, all of which mandated that his conviction be vacated. On May 23, 2002, the trial court entered an oral ruling on defendant's petition, noting that he had unsuccessfully raised those same issues on direct appeal. The trial court further noted that because defendant's petition was beyond the statute of limitations, it was untimely filed.[3] The trial court also stated that even if it were to consider defendant's request for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 2002)), his petition would still fail because it merely stated conclusory allegations and was not supported by the record or sworn affidavits. The trial court further opined that defendant's petition merely alleged

---

[2]Defendant's section 2-1401 petition was notarized on February 22, 2002, and the envelope was postmarked on February 25, 2002. The petition, however, does not bear a stamp from the clerk of the circuit court. The notification of motion from the clerk of the circuit court indicates that the motion was received on February 28, 2002, but it was not entered into the computer until March 11, 2002.

[3] See footnote 2.

2

his dissatisfaction with the trial. The trial court ultimately found that the issues raised by defendant were frivolous and patently without merit and denied the petition.

On February 19, 2003, defendant filed a *pro se* postconviction petition, which he moved to amend on May 6, 2003. In his original petition, defendant contended his conviction was based on the false and perjured testimony of Detective Navarro, and his trial counsel was ineffective for failing to object to this testimony; that the prosecution failed to prove him guilty and convict him beyond a reasonable doubt; and he received ineffective assistance of appellate counsel because appellate counsel failed to argue on appeal that trial counsel was ineffective, and appellate counsel filed an Anders brief. In his amended petition, defendant contended that the trial court erred when it denied his motion to suppress his confession, and he was denied effective assistance of both trial and appellate counsel. Specifically, he argued that trial counsel failed to object to the perjured testimony of Detective Navarro; made false statements which were inconsistent with his theory of the case during closing arguments; failed to argue that the statement or confession made and signed by defendant had been tampered with by Detective Navarro; failed to argue that the blood found at the scene did not match defendant's blood; and failed to argue the proper defense theory. Defendant further claimed that appellate counsel was ineffective for failing to raise those claims on appeal.

The trial court disagreed, classifying defendant's postconviction petition as a successive petition, and held that defendant had failed to establish the fundamental fairness exception for successive petitions. The trial court also noted that petitioner raised claims which were either addressed in his response to appellate counsel's Anders motion or in his petition seeking relief

from judgment.  The trial court further stated that it analyzed defendant's petition seeking relief

from judgment under both section 2-1401 and section 122-1, both of which resulted in a finding

that the issues raised were frivolous and patently without merit; and the claims raised in the

postconviction petition were merely conclusory allegations which were rebutted by the record.  In

concluding that defendant's postconviction petition was frivolous and patently without merit, the

trial court summarily dismissed it on June 27, 2003.

On appeal, defendant contends that: (1) the trial court exceeded its authority in summarily

dismissing his section 2-1401 petition because that statute does not authorize summary

dismissals; alternatively, the trial court erred in finding that the statute of limitations had elapsed

and that defendant's section 2-1401 petition was untimely; (2) the trial court erred in

recharacterizing his section 2-1401 petition as a postconviction petition and consequently treating

the subsequent postconviction petition as successive; alternatively, the trial court erred in

recharacterizing the section 2-1401 petition as a postconviction petition without notifying him of

the recharacterization; and (3) the post-conviction petition alleged the gist of two constitutional

claims of ineffective assistance of counsel, which the trial court failed to consider.

Our initial inquiry is whether the trial court's summary dismissal of defendant's section

2-1401 petition was error.  At present, there is a split within the appellate court concerning the

issue of whether a section 2-1401 petition may be summarily dismissed, and it is now pending, as

of this writing, before the supreme court in People v. Vincent, No. 1-04-1802 (September 27,

2005) (unpublished order under Supreme Court Rule 23), *appeal allowed*, 217 Ill. 2d 623 (2006).

While the Fourth District has held that a trial court may summarily dismiss a section 2-1401

1-03-0507
1-03-2541 (Cons.)

petition if it is frivolous and without merit (People v. Ryburn, 362 Ill. App. 3d 870, 877 (2005)),
the Third and Second Districts have held that a trial court commits reversible error in summarily
dismissing a section 2-1401 petition without giving the petitioner notice and an opportunity to
respond and, furthermore, that the harmless error analysis is not applicable (People v. Coleman,
358 Ill. App. 3d 1063, 1066-71 (2005)). There is also a split of authority within this district; i.e.,
the first, third and fourth divisions, which have held that summary dismissal of a section 2-1401
petition is proper where the petition raises a pure question of law and the defendant incurs no
prejudice from the dismissal based upon the patently frivolous claims contained within the
petition (People v. Thompson, 368 Ill. App. 3d 348 (2006); People v. Allen, 366 Ill. App. 3d 903
(2006); People v. Dyches, 355 Ill. App. 3d 225 (2005); People v. Anderson, 352 Ill. App. 3d 934
(2004); People v. Taylor, 349 Ill. App. 3d 718 (2004)). This division has held that a trial court
has the inherent authority to *sua sponte* dismiss a patently frivolous mandamus complaint under
the Code (735 ILCS 5/1-100 *et seq.* (West 2002)). Owens v. Snyder, 349 Ill. App. 3d 35 (2004).

Applying our previous holding to the present case, we find that a trial court has the
authority to *sua sponte* dismiss a patently frivolous section 2-1401 petition under the Code. In
Owens, we found that petitioner was not prejudiced by the trial court's failure to strictly follow
the Code. Owens, 349 Ill. App. 3d at 44. We also noted that petitioner did not raise any legal
argument or cite any authority to support the substantive merit of his complaint, and more
importantly, that his claims were without merit. Owens, 349 Ill. App. 3d at 44-45. Furthermore,
this court found that even if the trial court had followed the Code, the petition would have been

5

dismissed.  Owens, 349 Ill. App. 3d at 45.

Similarly, in the case at bar, we find the trial court's dismissal of defendant's section 2-1401 petition was proper.  "Section 2-1401 of the Code provides a comprehensive statutory procedure by which final orders, judgments, and decrees may be challenged more than 30 days after their entry."  Taylor, 349 Ill. App. 3d at 719.  "While section 2-1401 usually provides a civil remedy, its remedial powers also extend to criminal cases."  Taylor, 349 Ill. App. 3d at 719.  A section 2-1401 petition is the procedure in a criminal case by which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition.  People v. Haynes, 192 Ill. 2d 437, 461 (2000).  A section 2-1401 petition, however, is " 'not designed to provide a general review of all trial errors nor to substitute for direct appeal.' "  Haynes, 192 Ill. 2d at 461, quoting People v. Berland, 74 Ill. 2d 286, 314 (1978).  The trial court's dismissal of the defendant's section 2-1401 petition is reviewed for an abuse of discretion.  People v. Pinkonsly, 207 Ill. 2d 555, 562 (2003).  "Absent an abuse of discretion, the trial court's determination will not be disturbed."  Haynes, 192 Ill. 2d at 461.

Here, a review of defendant's section 2-1401 petition reveals that it raises allegations of ineffective assistance of counsel, all of  which were addressed by this court on direct appeal while reviewing appellate counsel's Anders motion.  "Points previously raised at trial and other collateral proceedings cannot form the basis of a section 2-1401 petition for relief."  Haynes, 192 Ill. 2d at 461.  The trial court's oral ruling on defendant's section 2-1401 petition noted that defendant had previously (and unsuccessfully) raised those same issues on direct appeal.

6

Accordingly, we find the trial court did not abuse its discretion in dismissing defendant's section 2-1401 petition.

Defendant alternatively contends that the trial court improperly dismissed his section 2-1401 petition based upon untimeliness. Section 2-1401 states, in pertinent part: "Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section." 735 ILCS 5/2-1401(a) (West 2002). The section further provides that "*** the petition must be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2002). Correspondence from inmates in Illinois prisons is deemed received according to the postmark on the correspondence, which in this case was February 25, 2002, exactly two years from the date of conviction, *i.e.*, February 25, 2000. See, *e.g.*, People v. Saunders, 261 Ill. App. 3d 700, 703 (1994) (verified date of mailing determines when a postconviction proceeding has been "commenced" within the meaning of section 122-1). Although the trial court erred in determining that defendant's section 2-1401 petition was untimely, this error was harmless in light of our finding that the petition was without merit.

Next, defendant contends that the trial court erred in recharacterizing his section 2-1401 petition as a postconviction petition and in viewing his subsequent postconviction petition as a successive petition.

We first note that trial courts have discretion as to whether they will recharacterize petitions for collateral relief to fall under the Act (725 ILCS 5/122-1 *et seq.* (West 2002)). Anderson, 352 Ill. App. 3d at 938. However, after a careful review of the record, we find that the trial court did not recharacterize defendant's section 2-1401 petition as one brought under the

Act. Rather, it alternatively reviewed the section 2-1401 petition under the Act to determine whether relief could be granted once it had determined it was without merit under section 2-1401. Turning to the dismissal of defendant's subsequently filed *pro se* postconviction petition, we agree that the trial court erred in treating it as a successive petition. However, we conclude that such error was harmless because, once again, the *pro se* postconviction petition was frivolous and patently without merit.

The Act allows a defendant to collaterally challenge his conviction or sentence for violations of federal or state constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 2002); People v. Montgomery, 192 Ill. 2d 642, 653-54 (2000). Proceedings under the Act are commenced by the filing of a petition in the circuit court in which the conviction occurred. 725 ILCS 5/122-1(b) (West 2002). The petition must identify the proceedings in which the conviction occurred, state the date of the contested final judgment, and clearly identify the alleged constitutional violations. 725 ILCS 5/122-2 (West 2002). In addition, the petition must be both verified by affidavit (725 ILCS 5/122-1(b) (West 2002)) and supported by "affidavits, records, or other evidence" (725 ILCS 5/122-2 (West 2002)). If such "affidavits, records or other evidence" are unavailable, the petition must explain why. 725 ILCS 5/122-2 (West 2002).

The Act establishes a three-stage process for adjudicating a petition for postconviction relief. 725 ILCS 5/122-1 *et seq.* (West 2002). At the first stage, the court is required to independently review the postconviction petition within 90 days of its filing and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2002). If the circuit court determines that the petition is either frivolous or patently without merit,

8

1-03-0507
1-03-2541 (Cons.)

it "shall dismiss the petition in a written order." 725 ILCS 5/122-2.1(a)(2) (West 2002).

Whether the petition and any accompanying documents make a substantial showing of a

constitutional violation is a second-stage inquiry. People v. Edwards, 197 Ill. 2d 239, 245-46

(2001). If at the second stage a substantial showing of a constitutional violation is set forth, the

petition is advanced to the third stage for an evidentiary hearing. 725 ILCS 5/122-6 (West 2002).

Defendant's petition was dismissed at the first stage. At the first stage of the proceedings,

the trial court's initial examination of the petition is only to determine whether the petition is

frivolous or patently without merit, and if it so finds, to summarily dismiss the petition. 725

ILCS 5/122-2.1(a)(2) (West 2002). Thus, the issue before us is whether defendant's petition is

frivolous or patently without merit. Edwards, 197 Ill. 2d at 247. The sufficiency of the

allegations contained in a postconviction is reviewed de novo. People v. Coleman, 183 Ill. 2d

366, 388-89 (1998).

Defendant's petition alleged, among other things, that his trial counsel was ineffective for

making certain trial errors, and his appellate counsel was ineffective for failing to raise those

errors on direct appeal. Another allegation was that the trial court erred in denying his motion to

suppress his confession. We note, however, that there were no affidavits or other supporting

documentation attached to defendant's petition. The failure to either attach the necessary

"affidavits, records, or other evidence" or explain their absence is "fatal" to a postconviction

petition and alone justifies the petition's summary dismissal. People v. Collins, 202 Ill. 2d 59, 66

(2002).

Moreover, a review of defendant's pro se petition reveals that each allegation of

9

ineffective assistance of counsel had been raised twice previously, first, on direct appeal in defendant's response to his appellate counsel's <u>Anders</u> motion, and second, in his section 2-1401 petition, and that his allegation regarding the denial of his motion to suppress could have been raised on direct appeal. Issues that were decided on direct appeal are barred under the doctrine of *res judicata*, and issues that could have been raised on direct appeal, but were not, are waived. <u>People v. Cloutier</u>, 191 Ill. 2d 392, 397 (2000). Thus, we find that each of the allegations in defendant's postconviction petition was barred by either *res judicata* or waiver. Accordingly, the trial court did not err in denying defendant's postconviction petition.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

HOFFMAN and HALL, JJ., concur.