THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. CHESTER LESTER, Petitioner-Appellant.

Second District No. 2—93—0271

Opinion filed May 12, 1994.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Charles M. Schiedel, of State Appellate Defender's Office, of Springfield, for appellant.

David R. Akemann, State's Attorney, of St. Charles (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

The petitioner, Chester Lester, appeals from an order of the circuit court of Kane County granting the State's motion to dismiss his petition for post-conviction relief without an evidentiary hearing. We reverse and remand.

The petitioner was charged by indictment with three counts of first-degree murder (Ill. Rev. Stat. 1983, ch. 38, pars. 9—1(a)(1), (a)(2) (now codified, as amended, at 720 ILCS 5/9—1(a)(1), (a)(2) (West 1992))), in connection with the September 29, 1984, death of Jared Powell, the four-year-old son of the petitioner's girlfriend. The petitioner was convicted following a jury trial and sentenced to 40 years in prison. His conviction was affirmed on direct appeal by this court. *People v. Lester* (1986), 145 Ill. App. 3d 720.

On May 3, 1989, the petitioner filed a *pro se* petition for post-conviction relief pursuant to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 (now codified, as amended, at 725 ILCS 5/122—1 (West 1992))), claiming that he received constitutionally ineffective assistance of counsel at trial and in his direct appeal. In support of his claims, he alleged that: (1) his attorney failed to call as witnesses the mother and grandmother of Jared Powell to testify that Jared was not afraid of the petitioner but liked him; (2) his attorney refused to let him testify at trial; (3) his attorney failed to call as a witness a doctor to rebut expert medical testimony offered by the State; and (4) his attorney failed to call to the court's attention that a juror was crying during trial. The petitioner alleged ineffective assistance by his appellate counsel for not raising the issue of ineffective assistance of trial counsel in his direct appeal. The petitioner also claimed that his constitutional rights were violated when an assistant State's Attorney interrogated him on the pretense of being his lawyer.

The petitioner supported his petition with his personal affidavit in which he declared that he informed his attorney prior to trial of the availability of Jared Powell's mother and grandmother as favorable witnesses and the availability of a medical expert; none was called to testify. The petitioner also declared that he advised his attorney prior to trial of his desire to testify in his own behalf, but he was rebuffed by his attorney, who told him that his testimony would hurt his appeal.

The affidavit also alleged that an assistant State's Attorney questioned the petitioner on September 28, 1984, and led him to believe that the State's Attorney was his court-appointed counsel. Finally, the petitioner declared that he asked his appellate attorney to raise "certain issues" on appeal, but the requests were ignored.

The petitioner also appended to his petition a copy of a letter from his appellate counsel concerning medical testimony at trial and a copy of a police report which included a statement by Jared Powell's mother that her son was not afraid of the petitioner.

The petitioner notified the trial court on December 5, 1990, that he had heard nothing from the court as to the status of his petition, which he filed on May 3, 1989. The petition was docketed on December 10, 1990. Under the Act, the trial court must, within 90 days of the filing and docketing of a petition, examine the petition and either dismiss the petition as frivolous or patently without merit, or order the petition docketed for further consideration. (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1 (now codified, as amended, at 725 ILCS 5/122—2.1 (West 1992)).) The trial court did not dismiss the pe-

tition as frivolous or patently without merit. The court set the matter for further proceedings. The court appointed counsel for the petitioner on July 10, 1992.

On February 22, 1993, the State filed a motion to dismiss the petitioner's petition, arguing that the claims therein were waived or *res judicata* by his trial and direct appeal and that his trial and appellate counsel did not render constitutionally ineffective assistance to the petitioner. At a hearing on September 25, 1992, the petitioner's attorney indicated that he met with the petitioner at Pontiac Correctional Center the day before the hearing to discuss the petition and proposed amendments to the document. Also on February 25, 1993, the petitioner's counsel filed an amended post-conviction petition, raising the same claims as in the original *pro se* petition.

At the hearing, which the parties agreed would include no testimony but only a discussion of the applicable law, the State argued that the petitioner's allegations concerning the juror who was seen crying and allegedly improper action by an assistant State's Attorney were waived or subject to *res judicata* because they were not mentioned in the petitioner's motion for a new trial or in his direct appeal.

The State argued that even if the claim of ineffective counsel was not waived, it was unavailing because the decision of whether the petitioner should testify at trial was tactical, and tactical decisions by attorneys are not subject to claims of ineffective assistance. The State also claimed that allegations that certain witnesses were available to testify for the petitioner were waived because the petitioner did not file affidavits from those witnesses with his petition.

The petitioner's post-conviction attorney argued that the petition was supported by sufficient facts and allegations to warrant an evidentiary hearing and that the petitioner's own affidavit, which contained facts he was personally aware of, was sufficient support to warrant an evidentiary hearing.

The trial court granted the State's motion to strike the petitioner's post-conviction petition, finding that "the decisions which were made by counsel and the [petitioner's] affidavit which is contained herein are such that they do not rise to the point at which an evidentiary hearing would be appropriate." The petitioner appealed from that ruling.

Post-conviction relief is a collateral attack upon a final judgment following a direct appeal by a criminal defendant and addresses only violations of substantial constitutional rights. (*People v. Hickox* (1992), 229 Ill. App. 3d 454, 456.) A petitioner is not entitled to an evidentiary hearing as a matter of right, but must make a substantial

showing of a constitutional violation supported by the record or affidavits. (*People v. Gandy* (1992), 227 Ill. App. 3d. 112, 141.) For purposes of determining whether to grant an evidentiary hearing, the trial court must take all well-pleaded facts in the post-conviction petition and any accompanying affidavits as true. (*People v. Caballero* (1989), 126 Ill. 2d 248, 259.) The trial court's decision not to hold an evidentiary hearing will not be overturned on appeal unless the decision was an abuse of discretion. *People v. Hartfield* (1992), 232 Ill. App. 3d 198, 203.

In a post-conviction proceeding, all issues actually decided on direct appeal are *res judicata*, and all issues which could have been presented but were not are waived. (*People v. Mendez* (1991), 221 Ill. App. 3d 868, 871.) The purpose of a post-conviction evidentiary hearing is to develop matters not contained in the trial record and, thus, not before the appellate court. *People v. Ford* (1981), 99 Ill. App. 3d 973, 976.

In the present matter, the allegations of prejudice based upon the actions of the assistant State's Attorney are waived because the petitioner did not explain in his post-conviction petition or affidavit why he could not have brought this allegation to the attention of the court before now.

Also, the petitioner may not support his claim of ineffective assistance with his contention that his lawyer erred by not calling Jared Powell's mother and grandmother and a medical expert to testify, because he did not provide affidavits from those witnesses. (*People v. Rial* (1991), 214 Ill. App. 3d 420, 423.) As such, we cannot assess the significance of their testimony. The police report appended to the post-conviction petition was a nonverbatim account by an officer of what Jared Powell's mother said; it was not a sworn affidavit of the witness herself. The letter from the petitioner's appellate counsel provides insufficient detail for us to assess what value the medical expert's testimony may have had.

The petitioner has not waived his other claims, all of which relate to his fundamental contention that he was deprived of the effective assistance of counsel. The petitioner obviously had no opportunity prior to the post-conviction proceeding to raise his claim that his appellate counsel was ineffective. That claim derives directly from the petitioner's further contention that his trial counsel was ineffective. Therefore, the issues of ineffective assistance at trial and appeal are not waived. Since the claims obviously were not raised on appeal, they are not foreclosed by *res judicata*.

The petitioner's affidavit contained statements based on his personal knowledge of facts that were sufficient to support his claim

of ineffective assistance of counsel. Specifically, the petitioner's claim that he told his attorney he wanted to testify in his own behalf but was rebuffed based on the attorney's belief that his appeal would suffer raises a substantial constitutional issue for which an evidentiary hearing is appropriate.

A criminal defendant has a fundamental right to decide whether to testify. (*People v. Brown* (1973), 54 Ill. 2d 21, 23-24.) Although an attorney may properly advise a defendant whether to testify, the decision is ultimately for the defendant to make. (*People v. Nix* (1986), 150 Ill. App. 3d 48, 51.) Further, although a dispute as to trial tactics rarely is sufficient to support a claim of ineffective assistance of counsel at trial, a court should hold a post-conviction evidentiary hearing if those tactics "clearly may have denied a defendant a fundamental constitutional right." (*People v. Almodovar* (1992), 235 Ill. App. 3d 144, 153.) Here, it was clear that the trial court based its decision not to permit an evidentiary hearing on the erroneous conclusion that the decision to testify was a tactical one within the attorney's discretion. We believe that the petitioner has raised a substantial constitutional claim based on evidence outside the record and has supported the claim with a sufficiently specific affidavit. Therefore, the trial court abused its discretion in not permitting the evidentiary hearing.

We note that to obtain an evidentiary hearing based on a claim that a defendant was prevented by his attorney from testifying at trial, a post-conviction petitioner must allege in his affidavit that "when the time came for him to testify, [he] told his lawyer that he wanted to do so despite advice to the contrary." (*Brown*, 54 Ill. 2d at 24; see also *People v. Shelton* (1993), 252 Ill. App. 3d 193, 201.) Here, the petitioner did not indicate when, and under what circumstances, he told his lawyer of his desire to testify.

However, in *People v. Nix*, the court held that a post-conviction petitioner was entitled to an evidentiary hearing when the petitioner alleged in his affidavit that his trial attorney did not inform him that he had a right to testify or the right to decide whether to testify. (*Nix*, 150 Ill. App. 3d at 51.) The court in *Nix* stated that the attorney's "incomplete or inaccurate information to the defendant regarding the defendant's right to testify is arguably a factor in consideration of whether counsel was ineffective." (*Nix*, 150 Ill. App. 3d at 51.) We believe that the instant case is controlled by *Nix* because the defendant made a sufficient allegation, supported by his affidavit, that his attorney misled him into not testifying.

If an evidentiary hearing were to demonstrate that the petitioner's attorney had, indeed, told him *prior to trial* that he should not

testify because that would jeopardize his *appeal*, such a statement would indicate that the attorney misled the petitioner by making the assumption that the trial was lost before it began. This would strongly indicate ineffective assistance of counsel. (See *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Albanese* (1984), 104 Ill. 2d 504.) Although there might be some rationale for this strategy, the record does not disclose any. Therefore, the appropriate forum to explore that possibility is a post-conviction evidentiary hearing.

In view of our disposition, we need not consider the petitioner's further claim that his post-conviction attorney rendered ineffective assistance.

The judgment of the circuit court of Kane County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and PECCARELLI, JJ., concur.