THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. CHESTER S. LESTER, Petitioner-Appellant.

Second District    No. 2—96—0940

Opinion filed July 31, 1997.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, and Charles M. Schiedel and Timothy M. Gabrielsen, both of State Appellate Defender's Office, of Springfield, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE THOMAS delivered the opinion of the court:

Petitioner, Chester S. Lester, was convicted of first degree murder (Ill. Rev. Stat. 1983, ch. 38, pars. 9—1(a)(1), (a)(2) (now codified, as amended, at 720 ILCS 5/9—1(a)(1), (a)(2) (West 1996))) and sentenced to 40 years' imprisonment. He appealed his conviction, and we affirmed. *People v. Lester*, 145 Ill. App. 3d 720 (1986) (*Lester I*). Petitioner filed a petition for postconviction relief, and the trial court dismissed it without an evidentiary hearing. We remanded the cause for an evidentiary hearing to determine if defendant received ineffective assistance of counsel. *People v. Lester*, 261 Ill. App. 3d 1075 (1994) (*Lester II*). Following a hearing, the court denied the petition. Petitioner appeals, and we affirm.

The facts of this case are adequately set out in our previous opinions, and we will not repeat them here except as is necessary to resolve the issue petitioner raises. In *Lester II*, we remanded the cause for an evidentiary hearing on whether defendant received the effective assistance of counsel. Petitioner alleged that his attorney told him that he should not testify because it might hurt his appeal. We suggested that that statement, if made before trial, might be ineffective assistance of counsel because petitioner's attorney would be

assuming the trial was lost before it began. See *Lester II*, 261 Ill. App. 3d at 1079-80.

At the hearing, petitioner's trial attorney, Tom McCulloch, testified that petitioner had convictions that McCulloch believed would have been brought out if petitioner had testified. McCulloch testified that he had several discussions with petitioner about his right to testify. These discussions took place throughout McCulloch's representation and continued up until petitioner told the trial judge that he chose not to testify. McCulloch told petitioner that he had a right to testify and that no one could stop him from testifying. He also told him that, if he did so, he could expect to be impeached with his convictions and to be cross-examined about statements he gave the police and hospital personnel.

When asked if he told petitioner that testifying would harm his chances on appeal, McCulloch stated "No, I didn't say that to him. And I, if he took it that way, then I would guess he took it that way. I can't control what he does construe that way." McCulloch also pointed out that petitioner had been consistent in his denials, but not in the details, and that the State had already introduced his denials into evidence. McCulloch testified that his opinion was that, as a matter of strategy, petitioner should not testify. He explained to petitioner that petitioner had a right to testify and that no one could prevent him from doing so. Petitioner made the ultimate decision not to testify.

Petitioner testified that he maintained his innocence throughout the case and continued to do so. According to petitioner, McCulloch told him right before trial that he did not think he should take the stand, although they had already agreed he would. When petitioner asked why, McCulloch told him that it would hurt his appeal. McCulloch then asked petitioner what he wanted to do, and petitioner asked what he should do. McCulloch told him that he could go to the judge's office and refuse to take the stand. Petitioner then went to the judge's chambers, and, with a court reporter present, told the judge that he was giving up his right to testify and that he had not been threatened. Petitioner also testified that McCulloch told him he should not testify because of his convictions.

The transcript of the judge's questioning of petitioner at his trial was also introduced into evidence. The transcript shows that petitioner and McCulloch appeared before the judge, who told petitioner that he understood that petitioner was giving up his right to testify. The judge advised petitioner of his right to testify and of his right not to testify, and asked if he was exercising his right not to testify. Petitioner responded "Yes, sir." The judge asked if he had

any questions about that right, and petitioner responded "No, sir, I don't." The judge then told petitioner that he would accept that as what petitioner wanted to do, and petitioner responded "Yes, sir."

Following arguments, the trial judge ruled that petitioner had made an informed decision not to testify. The trial judge also noted that petitioner had the chance to decide to testify, as late as when he addressed the judge. The trial judge later stated that "even taking the argument a step further and saying the decision was not the defendant's, even if it was by counsel or on advice of counsel, the decision was clearly trial strategy and sound trial strategy." Accordingly, the trial judge denied the postconviction petition.

On appeal, petitioner argues that this matter must again be remanded because the trial judge misinterpreted the purpose of our remand. Petitioner points out that the issue was not whether he made an informed decision not to testify, but whether he received ineffective assistance of counsel because his attorney told him that testifying would hurt his appeal. According to petitioner, the trial judge did not decide whether the comment was in fact made.

■ Before addressing petitioner's argument, we must clarify one of the trial judge's statements. In *Lester II*, we admonished the trial judge that the decision whether a defendant should testify is the defendant's own decision and is not a strategic decision to be made by defense counsel. See *Lester II*, 261 Ill. App. 3d at 1079. We note that the trial judge again made this misstatement. However, this time it was made in the context of an alternative ruling, after the judge had already made his decision. While the trial judge is correct that the attorney's advice on whether a defendant should testify is a matter of strategy, the decision is for the defendant. As our supreme court recently stated:

> "We recognize that the decision whether to take the witness stand and testify in one's own behalf ultimately belongs to the defendant [citations], but it should be made with the advice of counsel [citations]. Thus, in the instant case, defendant's decision not to testify must be viewed as strategy with which he agreed." *People v. Smith*, 176 Ill. 2d 217, 235-36 (1997).

■ Turning to the merits, we have carefully reviewed the judge's findings and believe that it was implicit in his ruling that he found McCulloch more credible than petitioner. Further, we do not believe the trial judge misconstrued the issue. When he began his remarks, he specifically stated that the issue was whether petitioner had received the ineffective assistance of counsel.

In any event, what this court intimated in our previous decision was that petitioner may have received ineffective assistance of

counsel if his attorney told him *before trial* that testifyirg would hurt his appeal, because that might indicate that his attorney believed the trial was lost before it began. However, it is clear from the record that, even if such a statement were made, it was made not before trial but after the State had presented its entire case. This is clear even from petitioner's testimony. When asked when the conversation happened, petitioner described the incident and then said "at that time, we went upstairs, back into the holding cell, until they carried all the prisoners upstairs, went back into the judge [*sic*] chambers, and that's when \*\*\* he asked me, was I \*\*\* threatened or anything about \*\*\* not taking the stand." The conversation with the judge occurred after the State rested its case, and at that time petitioner's attorney would have been able to assess the relative strengths and weaknesses of the case. As an experienced trial attorney, McCulloch would have been able to make an informed guess as to what the outcome would be, and it would not have been improper for him to tell petitioner that he believed petitioner would be convicted and that if he testified it could hurt his chances on appeal. So, even if McCulloch made the statement, the timing of it shows that it would not have been improper.

As a final matter, we wish to emphasize that our decision in *Lester II* should not be read as creating a *per se* rule that an attorney renders ineffective assistance of counsel by telling a client that testifying could hurt his chances on appeal. *Lester II* followed *People v. Nix*, 150 Ill. App. 3d 48 (1986), in which the attorney did not tell his client that he had a right to testify or the right to decide whether to testify. The *Nix* court remanded the cause for an evidentiary hearing because of the attorney's alleged "incomplete or inaccurate information." *Nix*, 150 Ill. App. 3d at 51. Nevertheless, telling a client that his testimony would hurt him on appeal is far different from not informing a client of his right to testify or that it is his decision to make. To the extent that our reliance on *Nix* in *Lester II* may have blurred the distinction between not telling a client of his rights and advising a client on how to proceed, we wish to now make clear our recognition of this critical distinction. An attorney wants his client to make the most informed decision possible on whether to testify. If the attorney believes that the State has a powerful case, that his client will in all likelihood be convicted, and that if the client does testify, it will hurt his chances in a potential appeal, then there is nothing wrong with the attorney so informing the client. The attorney would not be assuming the trial was lost before it began but, rather, would be advising his client of all of the potentialities so that the client could make an informed decision.

We are bound by law of the case considerations to follow *Lester II* here. We have reviewed the proceedings below and found that the court properly acted within the scope of our remand. Assuming for the purposes of this case only that it might be ineffective assistance of counsel for an attorney to advise a client before trial that testifying might hurt him on appeal, the record clearly shows that, even if the statement were made, it was made not before trial, but after the State rested its case. We find that the trial court did not err in denying the petition for postconviction relief.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

COLWELL and RATHJE, JJ., concur.