No. 2--07--0629    Filed: 9-11-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 98--CF--1187 |
| DOMINICK GIAMPAOLO, | ) ) | Honorable Sharon L. Prather, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BURKE delivered the opinion of the court:

Defendant, Dominick Giampaolo, appeals from orders of the circuit court of McHenry County dismissing one count of his two-count second amended postconviction petition at the second stage of postconviction proceedings and denying the other count following an evidentiary hearing. Defendant asserts that his second amended petition sets forth a substantial showing that his constitutional rights were violated. We disagree, and, thus, we affirm.

On May 31, 2001, in McHenry County, defendant agreed to plead guilty to two counts of criminal sexual assault of a family member, a Class 1 felony (720 ILCS 5/12--13(a)(3), (b)(1) (West 1998)), in exchange for the State's recommendation of a 10-year sentence. After admonishing defendant and advising him of his rights, the trial court accepted the plea, finding that the plea was knowingly and voluntarily entered and supported by a factual basis. The trial court imposed the agreed-upon 10-year sentence and advised defendant of his appeal rights. The trial court never told

defendant that, after he served his prison sentence, he would have to fulfill two years of mandatory supervised release (MSR). See 730 ILCS 5/5--8--1(d)(2) (West 1998).

On June 4, 2001, defendant pleaded guilty in Kane County to solicitation to commit aggravated kidnaping (720 ILCS 5/8--1(a), 10--2(a)(1) (West 1998)), a Class 1 felony. In exchange for his guilty plea, the parties agreed that defendant would serve an eight-year sentence. The trial court ordered that defendant's 8-year Kane County sentence and 10-year McHenry County sentence were to run consecutively.

Defendant neither filed a postjudgment motion nor pursued a direct appeal. Instead, on September 12, 2006, defendant filed a second amended petition for postconviction relief. Defendant raised two issues in his second amended petition. First, he argued that his 10-year McHenry County sentence must be reduced to 8 years because the McHenry County trial judge failed to admonish him about MSR (count I). Second, he claimed that three of his trial attorneys were ineffective (count II). Specifically, defendant contended that his attorneys were ineffective for failing to (1) prepare for hearings on various pretrial motions; (2) interview and subpoena witnesses; (3) object to or correct allegedly false statements that the State made; (4) object to or correct allegedly false statements of the law that the trial court made; (5) object to rulings on various pretrial motions; (6) object to allegedly biased statements the trial court made; (7) object to alleged judicial misconduct; and (8) advise defendant that he could file an interlocutory appeal from the denial of his motion to substitute judges. Defendant also asserted that one of his attorneys threatened to cause trouble for his family if defendant did not accept the State's offer and plead guilty in McHenry County in return for a 10-year sentence. Defendant alleged that, but for these errors, he "MAY not have plead[ed] guilty." (Emphasis in original.)

Approximately two months later, defendant filed a supplement to his second amended petition. In this pleading, defendant contended that his attorneys also were ineffective for failing to (1) investigate the victim's sexual history; (2) file a motion to dismiss the indictment; (3) file a motion to suppress the State's DNA evidence or secure an expert to rebut such evidence; (4) investigate the victim's criminal background; and (5) advise defendant that he could file interlocutory appeals from all denied motions. As in the second amended petition, defendant claimed that, but for these errors, he "MAY not have plead[ed] guilty." (Emphasis in original.)

The State moved to dismiss, contending that defendant's ineffective assistance claims were barred by waiver. At the subsequent hearing, the State conceded that defendant was not advised about MSR when he pleaded guilty in McHenry County. However, the State argued that the trial court's incomplete admonishments did not prejudice defendant. The trial court found that defendant made a substantial showing of a constitutional violation as to count I, and, thus, it set that cause for stage-three proceedings. As to count II, the trial court determined that defendant failed to make a substantial showing of a constitutional violation. Thus, the court granted the State's motion to dismiss defendant's ineffective assistance claims.

At the stage-three hearing on count I, two witnesses testified for the State. Katherine Nielsen stated that she was working as an official court reporter for Kane County on June 4, 2001. On that day, she took stenographic notes of what transpired in court when defendant pleaded guilty to solicitation to commit aggravated kidnaping. From these notes, Nielsen prepared a transcript. The transcript was a verbatim rendering of her notes.[1]

---

[1]Although the transcript was admitted into evidence, no one testified whether defendant was advised about MSR during the Kane County plea proceedings, and a complete copy of the transcript

Ona Welch testified that, as an assistant chief records officer for the Illinois Department of Corrections (IDOC), she determines when a defendant's term of MSR starts. When a defendant is given consecutive sentences from two different counties, the prison sentences are added together to form one term of incarceration. In this way, a defendant does not serve one term of imprisonment before starting the other consecutive term.

In defendant's case, with which Welch was familiar, defendant was sentenced to consecutive sentences on two Class 1 felonies. A Class 1 felony carries an MSR term of two years. Although defendant was sentenced to two Class 1 felonies, the maximum amount of MSR that he would serve is two years, not four. Welch explained that, when a defendant receives consecutive sentences, he must complete only one MSR term, and the IDOC determines an MSR period based on the most serious class of crime of which the defendant was convicted.

The trial court denied count I of defendant's second amended petition, finding that, because defendant was serving consecutive sentences (and thus only one term of MSR), defendant failed to establish that he was prejudiced when the trial court in McHenry County failed to admonish him about MSR.

On appeal, defendant argues that the trial court erred when it dismissed count II and denied count I of his second amended petition. Specifically, defendant claims that he made a substantial showing that (1) the McHenry County trial court's failure to advise him about MSR warranted a reduction in his 10-year prison sentence and (2) his trial attorneys were ineffective. We consider each argument in turn.

---

is not included in the record on appeal.

The first issue we consider is whether the dismissal of defendant's ineffective assistance claims (count II) was proper. The Post-Conviction Hearing Act (725 ILCS 5/122--1 et seq. (West 2006)) creates a three-stage process for the adjudication of postconviction petitions and permits a defendant to mount a collateral attack on his conviction and sentence based on violations of his constitutional rights. People v. Erickson, 183 Ill. 2d 213, 222 (1998). If a petition survives first-stage review, it proceeds to the second stage, at which an indigent defendant is entitled to appointed counsel, the petition may be amended, and the State may answer or move to dismiss the petition. People v. Gaultney,174 Ill. 2d 410, 418 (1996). At the second stage, a defendant must make a "substantial showing" of a constitutional violation. People v. Addison, 371 Ill. App. 3d 941, 946-47 (2007). Here, at the second stage, the trial court dismissed defendant's claims that his trial attorneys were ineffective. A second-stage dismissal is reviewed de novo. People v. Adams, 373 Ill. App. 3d 991, 993 (2007).

Generally, a defendant who alleges that his counsel was ineffective must establish that (1) his attorney's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. People v. Wendt, 283 Ill. App. 3d 947, 951 (1996). However, if a defendant fails to allege that he was prejudiced, the second prong of the test, a court need not consider whether the attorney's performance fell below an objective standard of reasonableness. Wendt, 283 Ill. App. 3d at 951. In guilty plea proceedings, a defendant was prejudiced if he could establish a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have, instead, insisted on proceeding with a trial. People v. Rissley, 206 Ill. 2d 403, 457 (2003).

Here, defendant failed to plead in his second amended petition that he was prejudiced by his lawyers' actions. At no point in his second amended petition did defendant contend that he would not have pleaded guilty and would have insisted on proceeding with a trial if not for his attorneys' errors. Rather, at best, defendant claimed that, but for his attorneys' errors, he <u>might</u> not have pleaded guilty. Further, defendant failed to support his claims with the requisite details and evidence. For example, although defendant named witnesses whom his attorneys should have interviewed and subpoenaed and he indicated that those witnesses could have impeached the victim's testimony, he did not allege what those witnesses would have stated and how their statements would have impeached the victim. Without these sorts of details, defendant's broad allegations that his attorneys were ineffective were conclusory and unsupported. See <u>Rissley</u>, 206 Ill. 2d at 459; see also <u>People v. Lester</u>, 261 Ill. App. 3d 1075, 1078 (1994) (affidavits of potential witnesses are required for claim that counsel was ineffective for not calling them). Thus, we determine that defendant failed to make a substantial showing of ineffective assistance of counsel.

We now consider whether the McHenry County trial court's failure to admonish defendant about MSR during his guilty plea proceedings warrants a 2-year reduction in defendant's 10-year prison sentence (count I). If, at the second stage of postconviction proceedings, the defendant presents a "substantial showing" of a constitutional violation, the petition proceeds to stage three, at which an evidentiary hearing is held. <u>Addison</u>, 371 Ill. App. 3d at 946-47. As in second-stage proceedings, a defendant whose petition has advanced to stage three bears the burden of making a substantial showing that his constitutional rights were violated. <u>People v. Davis</u>, 377 Ill. App. 3d 735, 744 (2007). Here, the trial court denied count I of defendant's second amended petition after a stage-three evidentiary hearing. When fact-finding and credibility determinations are involved, we

review the denial of a petition following an evidentiary hearing under a manifest-error standard. Davis, 377 Ill. App. 3d at 744. However, if the issue raised presents a pure question of law, our review is de novo. Davis, 377 Ill. App. 3d at 744. Here, our review is de novo, as the relevant facts are undisputed and the issue concerns a question of law.

In resolving whether defendant has made a substantial showing that his constitutional rights were violated when the trial court in McHenry County failed to advise him about MSR, we find People v. Whitfield, 217 Ill. 2d 177 (2005), instructive. In Whitfield, the defendant petitioned for postconviction relief, arguing that, because the trial court failed to admonish him about MSR, his prison sentence must be reduced by the applicable MSR period. Whitfield, 217 Ill. 2d at 181-82. In resolving that issue, our supreme court observed that, when a defendant enters a guilty plea as part of an agreement that provides for a specific term of imprisonment, the trial court must admonish the defendant that, pursuant to section 5--8--1(d) of the Unified Code of Corrections (Code) (730 ILCS 5/5--8--1(d) (West 2006)), the prison term will be followed by a term of MSR. Whitfield, 217 Ill. 2d at 190. If the trial court fails to admonish the defendant, MSR cannot be considered part of the defendant's bargain with the State, and the imposition of a term of MSR amounts to "a unilateral modification and breach of the plea agreement by the State, inconsistent with constitutional concerns of fundamental fairness." Whitfield, 217 Ill. 2d at 190. The supreme court asserted that, although the defendant is entitled to the benefit of his bargain, the law does not permit the term of MSR to be stricken from the defendant's sentence. Whitfield, 217 Ill. 2d at 202-03. Accordingly, the court held that the appropriate remedy, which approximates the defendant's bargain with the State, is to reduce the defendant's prison term by a period equal in length to the MSR term. Whitfield, 217 Ill. 2d at 180, 203. Thus, in Whitfield, where the defendant pleaded guilty in exchange for a 25-year prison

term and was not told that he would also have to serve a 3-year term of MSR, the court reduced the prison term by 3 years so that the sum of the prison term and the MSR term equaled 25 years. Whitfield, 217 Ill. 2d at 205.

In so doing, the court recognized that the defendant's sentence should be reduced because he established that the trial court's incomplete admonishments prejudiced him. Whitfield, 217 Ill. 2d at 201. That is, "[the d]efendant was prejudiced by the omitted admonition because he received a more onerous sentence than the one he was told he would receive." Whitfield, 217 Ill. 2d at 201.

Here, the State concedes that defendant was not admonished about MSR in McHenry County. Thus, at first blush, it appears that, under Whitfield, defendant would be entitled to a 2-year reduction in his 10-year prison sentence for criminal sexual assault of a family member. However, unlike in Whitfield, defendant has not established that he was prejudiced by the trial court's incomplete admonishments.

In addressing prejudice, we first observe that nothing in the record reveals that the proceedings resulting in defendant's eight-year sentence in Kane County were improper. Thus, we presume that defendant was advised that, after serving his eight-year prison sentence, he would have to serve two years of MSR. See Foutch v. O'Bryant, 99 Ill. 2d 389, 392 (1984) ("[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant"). That presumption, we note, is supported by defendant, who attached to his reply brief two pages of the transcript from the Kane County guilty plea proceedings.[2] The fact that defendant was properly

---

[2]In those two pages, the trial court stated:

"The original charges that you have is [sic] attempted aggravated kidnaping, Class 1 Felony. Carries a penitentiary sentence between 4 to 15 years, 15 to 30 extended term.

admonished in Kane County is important in this case, because defendant's 8-year sentence in Kane County was to run consecutively with his 10-year sentence in McHenry County. As defendant could serve only one term of MSR after serving his consecutive sentences (730 ILCS 5/5--8--4(e)(2) (West 1998)), and as both of defendant's sentences were for Class 1 felonies, defendant was subject to only one two-year term of MSR (730 ILCS 5/5--8--1(d)(2) (West 1998)).[3] Accordingly, defendant, who received a total sentence of 18 years in prison plus 2 years of MSR, would have received that same sentence even if the trial court in McHenry County had properly advised defendant about MSR. Thus, defendant's sentence was no more onerous than the one he was told he would receive. Because defendant failed to establish that the trial court's incomplete admonishments prejudiced him, we find

---

Period of mandatory supervised release, used to be called parole, of two years. Fine up to [$]25,000.

And you have a so--solicitation to commit aggravated kidnaping, Class 1 Felony with the same penalties."

This admonishment was sufficient to comply with Whitfield. See People v. Borst, 372 Ill. App. 3d 331, 332, 334 (2007).

[3]Section 5--8--4(e)(2) states that "the [MSR] term shall be as provided in paragraph (e) of Section 5--8--1 of this Code for the most serious of the offenses involved." 730 ILCS 5/5--8--4(e)(2) (West 2006). However, paragraph (e) of section 5--8--1 is not relevant, in that it applies only to a defendant who has a previous and unexpired sentence in a federal prison or the prison of another state. We believe the General Assembly intended section 5--8--4(e)(2) to refer to paragraph (d) of section 5--8--1. The apparent typographical error was introduced in the 1979 compiled statute book, and we wish to alert the General Assembly to it.

that defendant failed to make a substantial showing that his constitutional rights were violated when the trial court in McHenry County failed to admonish him about MSR.

For these reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

O'MALLEY and JORGENSEN, JJ., concur.