2020 IL App (1st) 182238-U
No. 1-18-2238
December 21, 2020

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court |
| | ) | Of Cook County. |
| Respondent-Appellee, | ) | |
| | ) | |
| v. | ) | No. 08 CR 20668 |
| | ) | |
| SAMUEL PRICE | ) | The Honorable |
| | ) | Catherine M. Haberkorn |
| Petitioner-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE WALKER delivered the judgment of the court.
Justices Hyman and Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where petitioner has made a substantial showing that his constitutional right to effective assistance of counsel was violated, the circuit court's dismissal of petitioner's post-conviction petition is reversed and remanded for a third-stage evidentiary hearing.

¶ 2    Petitioner, Samuel Price, was found guilty of aggravated robbery. He subsequently filed a *pro se* post-conviction petition pursuant to the Post Conviction Hearing Act ("Act") (725 ILCS 5/122 *et seq.* (West 2016)) alleging, among other things, that his trial counsel rendered ineffective assistance when she denied him his right to testify. The circuit court of Cook County

granted the State's motion to dismiss his petition. Petitioner appeals arguing that his post-conviction petition made a substantial showing that trial counsel usurped his right to testify. For the following reasons, we reverse and remand for a third-stage evidentiary hearing.

¶ 3                                    **BACKGROUND**

¶ 4        Petitioner was charged with the aggravated robbery of Christopher Williams. At petitioner's bench trial, Williams testified that on October 16, 2008, at about 11:15 p.m., he was walking home when petitioner asked him for a "fin" or $5. After Williams responded that he did not have a fin, petitioner told Williams to "drop [his] pockets." Petitioner then put his right hand behind the right side of his body towards his waistband. Williams believed petitioner had a gun.

¶ 5        A man approached them and addressed petitioner as "Sammy." Petitioner told the man Williams did not have five dollars, then told the man to leave, which he did. After petitioner gestured behind his back, Williams pulled his pockets inside out and held his two one-dollar bills in his left hand and a soda in his right hand. Petitioner knocked the soda out of Williams' right hand and took the two, one-dollar bills out of his left hand.

¶ 6        Williams then walked away, and petitioner followed. When Williams reached the corner of Broadway and Montrose, he walked towards his house and petitioner walked in the opposite direction. While on Montrose, Williams saw a police vehicle and flagged it down. Williams told the officers what happened and described petitioner. Williams saw petitioner down the street and pointed him out to the officers. The officers then went to petitioner and drove Williams past him to identify petitioner as the man who took his money.

¶ 7   Officer Fitzgerald testified that on October 16, 2008, at approximately 11:15 p.m., Williams flagged down him and his partner and reported that he was robbed. Officer Fitzgerald asked Williams whether the person was armed, and Williams responded that he believed the person was armed. Officer Fitzgerald testified that his case report stated that petitioner acted like he had a weapon in his waistband and told Williams to "drop his pockets." When Officer Fitzgerald searched petitioner, he found two one-dollar bills in petitioner's pocket.

¶ 8   Petitioner's counsel did not present any witnesses at trial.

¶ 9   The circuit court told petitioner that he had a right to testify and asked whether he wanted to testify. Petitioner told the court that trial counsel "said it will make things worse." The circuit court informed petitioner, "Sir, it's your decision with your lawyer." The circuit court then asked, "Are you choosing to testify or choosing not to testify?" Petitioner answered, "No." Though it was not clear which question the petitioner was answering, the circuit court stated, "The defendant chooses not to testify."

¶ 10   The circuit court found petitioner guilty of aggravated robbery and sentenced him to 18 years' imprisonment.

¶ 11   Petitioner appealed his conviction and sentence. Petitioner alleged that the evidence presented at trial was insufficient to establish his guilt beyond a reasonable doubt, the circuit court improperly granted the State's objection to a question posed by trial counsel, his 18-year sentence was excessive, and the circuit court erred in the assessment of fines and fees.

¶ 12   On August 15, 2011, this court affirmed petitioner's conviction but remanded for a new sentencing hearing after finding petitioner's sentence was excessive and that the sentencing court focused on improper factors.

¶ 13    On remand, the parties conducted another sentencing hearing and the circuit court reduced petitioner's sentence to 13 years' imprisonment. Petitioner filed a motion to reconsider sentence, which was denied by the circuit court. This court affirmed that sentence on February 13, 2013.

¶ 14    On January 15, 2014, petitioner filed a *pro se* post-conviction petition alleging that he received ineffective assistance where his trial counsel coerced him into waiving his right to testify at trial. Specifically, petitioner alleged that he told counsel before trial that he wanted to testify, but counsel told him that if he testified, "it will make things worse." Counsel then allegedly told petitioner that if he testified, she "would walk out in the middle of ... trial and make sure [he] gets found guilty." Petitioner supported this claim with a notarized affidavit.

¶ 15    In his affidavit, petitioner averred that trial counsel told him that if the judge asked him if he wanted to testify, he should say no. Petitioner also averred that he would have testified that he, Williams, and "Mr. Johnson (the third party) were all discussing to buy alcohol and we all put up money to purchase this alcohol and that Williams started laughing when I...reach into my back pockets and only pulled out only two dollars for my half on the alcohol and gotten upset that I did not pay him the money from the day before which was five dollars, and that we started arguing and Johnson walk away and so did I [sic]." The police approached him two minutes later and arrested him for robbery.

¶ 16    On February 27, 2014, the circuit court docketed petitioner's petition and appointed counsel. Post-conviction counsel appeared on petitioner's behalf on May 9, 2014.

¶ 17    On July 15, 2016, post-conviction counsel filed a certificate pursuant to Rule 651(c), as well as a supplemental notarized affidavit by petitioner. Petitioner further averred that he chose not to testify "out of fear ... that my attorney would walk out on me during my trial."

¶ 18    On April 28, 2017, the State filed a motion to dismiss the petition. The State argued that the record was devoid of any assertion by petitioner of a desire to testify at his trial. Instead, petitioner waived his right to testify on the record when questioned by the circuit court about the matter during his trial. The State also argued that petitioner would not be able to establish prejudice because there was ample evidence of his guilt.

¶ 19    On September 21, 2018, the circuit court granted the State's motion to dismiss. Petitioner timely filed a notice of appeal.

¶ 20                                    **ANALYSIS**

¶ 21    On appeal, petitioner argues that his post-conviction petition made a substantial showing that trial counsel usurped his right to testify. Our review of the circuit court's dismissal of petitioner's post-conviction petition is *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388–89 (1998).

¶ 22    The Act provides a three-stage process by which persons under criminal sentence may challenge their convictions or sentences for violations of federal or state constitutional rights. 725 ILCS 5/122-1 et seq. (West 2016). A *pro se* defendant must allege enough facts to make out a claim that is arguably constitutional for purposes of invoking the Act. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). However, a proceeding under the Act is a collateral attack on the prior conviction or sentence that does not relitigate a defendant's innocence or guilt. *People v. Ligon*, 239 Ill. 2d 94, 103 (2010). Any issues considered by the court on direct appeal are barred by

5

the doctrine of *res judicata*, and issues which could have been considered on direct appeal are waived. *Id*.

¶ 23 At the first stage, the circuit court must, within 90 days of the petition's filing, independently review the petition, taking the allegations as true, and determine whether "the petition is frivolous or is patently without merit." *People v. Edwards*, 197 Ill.2d 239, 244 (2001); 725 ILCS 5/122–2.1(a)(2) (West 2016). The petition is frivolous or patently without merit only if it has "no arguable basis either in law or in fact." *People v. Brown*, 236 Ill. 2d 175, 184-85 (2010) (quoting *Hodges*, 234 Ill. 2d at 16). A petitioner need only provide a limited amount of detail and does not need to include legal arguments or cite to legal authority. *People v. Delton*, 227 Ill. 2d 247, 254 (2008). However, the facts must be corroborated and be objective in nature. *Id*. at 254-255. If the court does not dismiss the petition as frivolous or patently without merit, then the petition advances to the second stage. *Hodges*, 234 Ill. 2d at 10.

¶ 24 At the second stage, counsel is appointed if the defendant is indigent, and the State may enter the litigation. 725 ILCS 5/122-4,122-5 (West 2016); *People v. Tate*, 2012 IL 112214, ¶ 10. The question before the court is "whether the post-conviction petition and any accompanying documentation make a substantial showing of a constitutional violation." *Edwards*, 197 Ill. 2d at 246. In making this determination, a court must take "all well-pleaded facts that are not positively rebutted by the original trial record" as true and may not engage in any fact-finding or credibility determinations. *People v. Domagala*, 2013 IL 113688, ¶ 35. A claim makes a "substantial showing" of a constitutional violation if its allegations would entitle the petitioner to relief if proven at an evidentiary hearing. *Id*. If a petition makes a substantial

showing of a constitutional violation, the petition advances to a third-stage hearing where the circuit court, as the factfinder, will "determine witness credibility, decide the weight to be given testimony and evidence, and resolve any evidentiary conflicts." *Id*. ¶ 34. "Where the State seeks dismissal of a post-conviction petition instead of filing an answer, its motion to dismiss assumes the truth of the allegations to which it is directed and questions only their legal sufficiency." *People v. Miller*, 203 Ill. 2d 433, 437 (2002).

¶ 25    Both the federal and Illinois constitutions guarantee criminal defendants the right to effective assistance of counsel at trial. U.S. Const. amends. VI, XIV; Ill. Const. 1970, art. I, § 8; *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). Trial counsel provides ineffective assistance when (1) counsel's representation was deficient, and (2) counsel's deficient performance prejudiced the defendant. *Id.* at 688; *People v. Albanese*, 104 Ill. 2d 504, 525-26 (1984). A defendant must satisfy both prongs of the *Strickland* test and a failure to satisfy either prong precludes a finding of ineffectiveness. *People v. Veach*, 2017 IL 120649, ¶ 30. Further, the defendant "must overcome the strong presumption that the challenged action or inaction of counsel was the product of sound trial strategy and not incompetence." *Coleman*, 183 Ill. 2d at 397.

¶ 26    Here, petitioner argues that his petition made a substantial showing that his trial counsel denied him his right to testify when he told her that he wanted to testify and she threatened to quit his case in the middle of trial and make sure he was found guilty if he testified. Petitioner claims that he felt he had no choice but to refuse to testify.

¶ 27    Petitioner's allegations, taken as true, satisfy the first prong of *Strickland*. Trial counsel's alleged threat to quit in the middle of trial simply because petitioner wished to exercise his

constitutional right to testify is objectively unreasonable. A criminal defendant's right to testify on his own behalf is a fundamental right. *People v. Madej*, 177 Ill. 2d 116, 145-46 (1997). "The right is so fundamental that the decision to testify or to decline to testify can be made only by the defendant, regardless of counsel's advice to the contrary." *People v. Whiting*, 365 Ill. App. 3d 402, 407 (2006). Therefore, the decision to testify is not a strategic or tactical decision best left to trial counsel. *Madej*, 177 Ill. 2d at 146.

¶ 28    The State argues that petitioner's waiver at trial rebuts his claim that he was denied the right to testify. At trial, petitioner and the circuit court engaged in the following exchange:

> THE COURT: Samuel, you have the right to testify or not to testify. What are you choosing to do at this time?
>
> THE DEFENDANT: She said it will make things worse.
>
> THE COURT: Sir, it's your decision with your lawyer. Are you choosing to testify? or choosing not to testify?
>
> THE DEFENDANT: No.
>
> THE COURT: The defendant chooses not to testify.

Although, it is not clear which one of the court's questions was answered, the circuit court found petitioner "chooses not to testify."

The State concedes that this exchange illustrates that petitioner conveyed to the circuit court that he and trial counsel discussed petitioner's proposed testimony and that trial counsel suggested that he not testify. The State then argues that the foregoing illustrates that petitioner did not feel coerced by his attorney since he disregarded trial counsel's supposed instruction

to simply say no when asked if he wanted to testify. We disagree. The exchange suggests that petitioner was reluctant in his decision not to testify. Petitioner does not allege that he waived his right to testify in agreement with trial counsel's advice, but out of fear. Threatening to quit a case in the middle of trial is beyond a strong urging against testifying or an honest assessment of defendant's case. It is intimidation. Petitioner's waiver does not positively rebut his claim that trial counsel threatened to quit if he testified or that he felt coerced by this threat.

¶ 29        Petitioner relies on *People v. Lester*, 261 Ill. App. 3d 1075 (1994), to bolster his argument that this court should remand this case for a third-stage evidentiary hearing. In *Lester*, the defendant alleged in his post-conviction petition that he told his attorney he wanted to testify, but counsel told him that his testimony would hurt his appeal. *Id*. at 1079. On appeal from the second-stage dismissal of the petition, the appellate court found that counsel's warning to defendant prior to trial that he should not testify indicated that the attorney misled the defendant by making the assumption that the trial was lost before it began. *Id*. at 1079-80. The court found that such a statement strongly indicated ineffective assistance of counsel because the record did not reveal any rationale for this strategy. *Id*. at 1080. The court held that an evidentiary hearing was the appropriate forum to determine if any rationale existed. *Id*.

¶ 30        The issue remains whether petitioner's allegations demonstrated prejudice because of trial counsel's deficient representation. To demonstrate prejudice, a petitioner must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Further, a claim that trial counsel interfered with a defendant's right to testify may be denied on the basis that the evidence

against the defendant was overwhelming. *People v. Hernandez*, 351 Ill. App. 3d 28, 39-40 (2004).

¶ 31    Petitioner's proposed testimony shows a reasonable probability that the outcome of his proceeding would have been different. The evidence against petitioner is not overwhelming. Williams testified that petitioner asked him for five dollars and when he said he did not have five dollars, petitioner told him to "drop his pockets." Believing petitioner had a gun, Williams emptied his pockets and petitioner took two one-dollar bills. Williams then told nearby officers what happened. Finally, when petitioner was arrested, officers found two one-dollar bills in his pocket.

¶ 32    Petitioner's proposed testimony is that he and Williams were acquaintances and had a dispute over money to purchase a bottle of alcohol. His testimony would directly contradict Williams' testimony and create a credibility contest between him and the State's key witness.

¶ 33    Having satisfied both prongs of the ineffective-assistance standard, petitioner has made a substantial showing that his constitutional right to effective assistance of counsel was violated. Therefore, the circuit court erred in dismissing his petition, and we remand for a third-stage hearing.

¶ 34    Our supreme court has found that the Illinois Constitution mandates "that penalties be determined "according to the seriousness of the offense." Ill. Const. 1970 art. I, §11; *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). The circuit court judge previously characterized petitioner's actions as a "very serious violent offense," we disagree because petitioner had no weapon, did not cause any bodily harm, and is alleged to have taken 2 one-dollar bills from the victim. Supreme Court Rule 366(a)(5) permits a reviewing court, in its discretion, to make

any order or grant any relief that a particular case may require. Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994). "This authority includes the power to reassign a matter to a new judge on remand." *Eychaner v. Gross*, 202 Ill. 2d 228, 279, (2002). Out of an abundance of caution, we reassigned this matter to a different judge upon remand.

¶ 35                                   **CONCLUSION**

¶ 36        For the foregoing reasons, the judgment of the circuit court dismissing petitioner's postconviction petition is reversed, and we remand for a third-stage evidentiary hearing on petitioner's claim that he received ineffective assistance of counsel. We also direct the chief judge or his designee to assign the matter to a different judge for further proceedings.

¶ 37        Reversed and remanded.